# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MARTIN JENNINGS CURRY, D.C.,** | * | |
| **Plaintiff** | * | |
| v. | * | CIVIL No. 11-cv-2069-JKB |
| **TRUSTMARK INSURANCE COMPANY,** *et al.*, | * | |
| **Defendants** | * | |

## MEMORANDUM ORDER

Martin Jennings Curry ("Plaintiff") brought this suit against Trustmark Insurance Company and Continental Assurance Company ("Defendants") alleging breach of a disability insurance policy contract. Plaintiff filed his complaint on July 27, 2011. On July 15, 2013, the Court granted summary judgment in favor of Defendants. On July 29, 2013, Plaintiff filed a motion for reconsideration (ECF No. 65), which is now pending before the Court. For the reasons set forth below, Plaintiff's motion for reconsideration will be DENIED.

In granting summary judgment (ECF Nos. 63, 64), the Court held that Defendants had the contractual right to deny benefits to Plaintiff after he refused to appear for an independent medical examination ("IME") on June 13, 2008.[1] Plaintiff argues that there is a dispute of material fact that precludes summary judgment on this issue, because Plaintiff "has [since] agreed to undergo an IME." In support of this argument, Plaintiff refers the Court to his March 27, 2012 answers to Defendants' interrogatories, in which he agreed to undergo an IME "[u]pon

---
[1] The Court found that there was no dispute of material fact that Plaintiff refused to appear for the examination unless Defendants first paid his benefits up to the date of the examination.

timely request." (ECF No. 65-1.) To the extent that Plaintiff argues that his willingness to undergo an IME as of March 27, 2012 saves his claims that accrued during the period between June 13, 2008 (when he failed to appear for the IME) and July 27, 2011 (when he filed his complaint in this action), that argument fails for two reasons. First, Plaintiff's willingness in March 2012 to undergo an IME has no bearing on whether Plaintiff supplied adequate continuing proof of loss during the period between June 2008 and July 2011, and therefore it does not create a dispute of material fact. Second, Plaintiff did not raise this issue in his response to Defendants' motion for summary judgment.

To the extent that Plaintiff argues that he should be allowed to raise this issue in connection with claims for disability benefits that accrued after he filed his complaint on July 27, 2011, those claims—assuming they are otherwise viable—are not affected by the Court's order granting summary judgment in this case. In resolving Defendants' motion for summary judgment, the Court addressed at some length the nature of disability insurance contracts. In relevant part, the Court stated:

> Given the nature of disability insurance, Defendants breached the contract each time they failed to pay benefits for a period during which Plaintiff was disabled, as that term is defined in the Policy. *See Mut. Life Ins. Co. of N.Y. v. Moyle*, 116 F.2d 434, 435 (4th Cir. 1940) ("The company is obligated to make these payments only so long as the condition evidencing . . . disability continues; and, as this condition, theoretically at least, may change at any time, it is impossible to say that any controversy exists as to any disability payments except such as have accrued."); *see also Medina v. Provident Life & Accident Ins. Co.*, No. 10 Civ. 3146 (BEL), 2011 WL 249502 (D. Md. Jan. 24, 2011). Each failure to pay monthly benefits—to the extent it is a breach—is a separate and independent breach.

(Mem. at 7, ECF No. 63.) By the same logic, the only rights in controversy in this case were the "right[s] of the insured to the disability payments which had accrued at the time of suit." *Moyle*,

2

116 F.2d at 435. Therefore, the Court's order did not implicate any rights that accrued after the case was filed.

Accordingly, it is ORDERED that Plaintiff's motion for reconsideration (ECF No. 65) is DENIED.

Dated this 31 day of July, 2013

BY THE COURT:

_____
James K. Bredar
United States District Judge